IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CIVIL ACTION FILE NO. 4:19-CV-82

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| for the use and benefit of SUNLAND | ) | |
| BUILDERS, INC., | ) | |
|         Plaintiff, | ) | |
| | ) | |
|         v. | ) | COMPLAINT |
| | ) | |
| TEAM HENRY ENTERPRISES, | ) | |
| LLC & AEGIS SECURITY | ) | |
| INSURANCE COMPANY, | ) | |
|         Defendants. | ) | |

Plaintiff United States of America, for the use and benefit of [Plaintiff Subcontractor] ("Plaintiff Subcontractor"), and pursuant to 40 U.S.C. § 3133 and other applicable law, sets forth the following claims against the Defendants named above:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Subcontractor is a corporation organized and existing under the laws of the State of North Carolina with a principal place of business in Carteret County, North Carolina

2. Plaintiff Subcontractor is considered a resident of the State of North Carolina for jurisdictional purposes.

3. Plaintiff Subcontractor acts principally as a site work contractor on construction projects.

4. Plaintiff Subcontractor was a first-tier subcontractor on the federal construction project ("Project") at issue in the instant case.

5. Upon information and belief, Defendant Team Henry Enterprises, LLC ("Defendant General Contractor") is a corporation organized and existing under the laws of the State of Virginia with a principal place of business in Newport News, VA.

6. Upon information and belief, Defendant General Contractor acts principally as a general contractor on construction projects.

7. Defendant General Contractor is the general contractor for the Project.

8. Upon information and belief, Defendant Aegis Security Insurance Company ("Defendant Surety") is a corporation organized and existing under the laws of the State of Pennsylvania with a principal place of business in Harrisburg, Pennsylvania.

9. Upon information and belief, Defendant Surety is in the business of, among other things, acting as a surety for construction bonds, including, but not limited to, payment bonds and performance bonds.

10. The Court has personal jurisdiction over the parties.

11. The Court has subject matter jurisdiction over the action based on, among other things:

    a. the Miller Act, 40 U.S.C. § 3131 et. seq.; and

    b. 28 U.S.C. § 1331, relating to federal question jurisdiction.

12. Venue for this action is proper in this district and division, where the Project was constructed.

## BACKGROUND

13. The Project involves the construction of the Composite Shop Addition at Marine Corps Air Station Cherry Point.

14. Upon information and belief, Defendant General Contractor entered into a contract ("Prime Contract") with the United States of America or one of its subdivisions ("the United States of America") to perform the Project.

15. As part of the Prime Contact and as required by 40 U.S.C. § 3131, Defendant General Contractor has a construction payment bond for the Project ("Payment Bond"), with Defendant Surety acting as the surety. The Payment Bond bears bond number "B 10 026 625."

16. The Payment Bond assures payment to subcontractors and materialmen for labor and materials furnished by them for the benefit of the Project, Defendant General Contractor, and/or the United States of America.

17. Defendant General Contractor entered into a subcontract ("Subcontract") with Plaintiff Subcontractor whereby Plaintiff Subcontractor was to provide work, labor, and/or materials for the Project.

18. Plaintiff Subcontractor, in performing the Subcontract, acted as a first-tier subcontractor to Defendant General Contractor.

19. The Subcontract was drafted wholly by Defendant General Contractor.

20. The Subcontract provides that Plaintiff Subcontractor is to receive progress payments for its completed and invoiced work.

21. Plaintiff Subcontractor performed additional work on the Project for and on behalf of Defendant General Contractor, at Defendant General Contractor's direction, and for and to the benefit of Defendant General Contractor.

22. Plaintiff Subcontractor is entitled to additional compensation from Defendant General Contractor for the additional work Subcontractor has performed.

23. Plaintiff Subcontractor has performed additional work on the Project for and at the request of Defendant General Contractor for which it has submitted requests for payment to Defendant General Contractor, but for which Defendant General Contractor has failed to pay Plaintiff Subcontractor.

24. Defendant General Contractor has admitted that Subcontractor performed the additional work in question as shown in attached Exhibit A in which Defendant General Contractor admits as such.

25. To the extent Defendant General Contractor has invoiced or sought payment from the United States of America for Project work performed by Plaintiff Subcontractor, then Defendant General Contractor has accepted that Project work as conforming to the requirements of the Subcontract.

26. To the extent that Defendant General Contractor has represented to the United States of America that it has paid Plaintiff Subcontractor for Project work, but has not paid Plaintiff Subcontractor for such Project work,

4

Defendant General Contractor has made misrepresentations to the United States of America.

27. To the extent that Defendant General Contractor has solicited payments from the United States of America and made related representations that upon payment, Defendant General Contractor would make payment to Plaintiff Subcontractor for Plaintiff Subcontractor's corresponding Project work, but has not actually made such payments to Subcontractor upon receipt of the solicited payments from the United States of America, Defendant General Contractor has made misrepresentations to the United States of America.

28. To the extent Defendant General Contractor has been paid by the United States of America for Project work performed by Plaintiff Subcontractor but has not paid Plaintiff Subcontractor for this same Project work, Defendant General Contractor has violated, among other statutes and regulations, the Federal Prompt Pay Act.

29. To the extent Defendant General Contractor has been paid by the United States of America for Project work performed by Plaintiff Subcontractor but has not paid Plaintiff Subcontractor for this same Project work, Defendant General Contractor has acted in a wrongful, commercially unreasonable, and egregious manner.

30. Plaintiff Subcontractor last furnished labor, materials, and equipment for the improvement of the Project and to the benefit of Defendant General Contractor no earlier than June 2018.

31. Plaintiff Subcontractor's invoiced work on the Project has been fully completed in compliance with the requirements of the Subcontract.

32. Plaintiff Subcontractor's invoiced work on the Project has been performed fully in compliance with the requirements of the Subcontract.

33. Plaintiff Subcontractor has fully performed its obligations under the Subcontract and is entitled to be paid the full amount remaining due.

34. Plaintiff Subcontractor is owed, for both base subcontract work and additional work, at least the following principal amount from Defendant General Contractor for Subcontract work performed but not paid for: $29,739.79.

35. Plaintiff Subcontractor has properly invoiced Defendant General Contractor for all of its Project work performed pursuant to the Subcontract in the amounts stated in the preceding paragraph.

36. There is no justification at this time for Defendant General Contractor to withhold payment from Plaintiff Subcontractor.

37. Plaintiff Subcontractor is entitled to payment from Defendant General Contractor of the remaining amount owing and stated above for Plaintiff Subcontractor's Project work.

38. Upon information and belief, Defendant General Contractor has submitted for approval by the United States of America all of the work performed by Plaintiff Subcontractor on the Project.

39. Upon information and belief, Defendant General Contractor has requested payment from the United States of America for most, if not all, of the work performed by Plaintiff Subcontractor on the Project.

40. Upon information and belief, Defendant General Contractor has been paid by the United States of America for most, if not all, of the work performed by Plaintiff Subcontractor on the Project.

41. Upon information and belief, the United States of America has raised no complaint or objection to the work performed by Plaintiff Subcontractor pursuant to the Subcontract.

42. On May 24, 2019, Plaintiff Subcontractor wrote Defendant General Contractor and Defendant Surety, provided notice of Plaintiff Subcontractor claims against Defendant General Contractor, and asserted a claim against the Payment Bond.

43. Defendant General Contractor has failed and refused to pay Plaintiff Subcontractor those amounts owed pursuant to the Subcontract for Plaintiff Subcontractor's properly performed and invoiced Project work.

44. Defendant Surety has failed to pay Plaintiff Subcontractor those amounts owed pursuant to the Subcontract and the Payment Bond for Plaintiff Subcontractor's properly performed and invoiced Project work.

**FIRST CLAIM FOR RELIEF**
(BREACH OF CONTRACT)
(*Against Defendant General Contractor*)

45. Plaintiff Subcontractor restates and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth.

46. The Subcontract is supported by consideration and is mutually binding on the parties.

47. Plaintiff Subcontractor properly and fully performed its obligations under the Subcontract.

48. The Subcontract requires Defendant General Contractor to pay Plaintiff Subcontractor for the work performed pursuant to the Subcontract.

49. Defendant General Contractor has materially and substantially breached the Subcontract by wrongfully failing and refusing to pay Plaintiff Subcontractor the amounts to which it is entitled.

50. There is no excuse for Defendant General Contractor's material and substantial breach of the Subcontract.

51. All conditions precedent to Plaintiff Subcontractor being entitled to receive recovery under the Subcontract have occurred.

52. Plaintiff Subcontractor is entitled to recover compensatory damages from Defendant General Contractor for Defendant General Contractor's material and substantial breach of the Subcontract.

53. Plaintiff Subcontractor compensatory damages include, among other elements of loss and damage, the value of its unpaid work performed pursuant to the Subcontract.

54. As a direct and proximate result of Defendant General Contractor's breach of the Subcontract, Plaintiff Subcontractor has been damaged in a principal amount in excess of $25,000.00 and to be determined.

55. Plaintiff Subcontractor is entitled to recover pre- and post-judgment interest at the legal rate from Defendant General Contractor for the amounts Plaintiff Subcontractor is entitled to recover for Defendant General Contractor's material and substantial breach of the Subcontract.

56. Plaintiff Subcontractor is entitled to judgment against Defendant General Contractor's for breach of the Subcontract in a principal amount in excess of $25,000.00 and to be determined, plus interest, costs, and attorneys' fees as allowed by law.

## SECOND CLAIM FOR RELIEF
(RESTITUTION / QUANTUM MERUIT / UNJUST ENRICHMENT)
(*Against Defendant General Contractor*)

57. Plaintiff Subcontractor restates and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth.

58. In the alternative to Plaintiff Subcontractor's First Claim for Relief set forth above and to the extent that this Court finds that the Subcontract or any part thereof is invalid or that any of Plaintiff Subcontractor's Project work constituted extra work not falling within the scope of the Subcontract, Plaintiff Subcontractor sets forth the following claim for relief for restitution, quantum meruit, and unjust enrichment.

59. Plaintiff Subcontractor has performed work to the benefit of Defendant General Contractor.

60. If Plaintiff Subcontractor is not paid in full for the Project work it has performed, Defendant General Contractor will be unjustly enriched.

9

61. Plaintiff Subcontractor is entitled to recover from Defendant General Contractor the fair market value of the labor, materials, and equipment furnished by Plaintiff Subcontractor to and for the benefit of the Project.

62. Plaintiff Subcontractor is entitled to recover pre- and post-judgment interest from Defendant General Contractor for the amounts Plaintiff Subcontractor is entitled to recover in restitution, quantum meruit, and unjust enrichment.

63. Plaintiff Subcontractor is entitled to judgment against Defendant General Contractor for restitution, quantum meruit, and unjust enrichment in an amount to be determined and in excess of $10,000.00, plus interest, costs, and attorneys' fees as allowed by law.

### THIRD CLAIM FOR RELIEF
(BREACH OF PAYMENT BOND)
(*Against Defendant Surety*)

64. Plaintiff Subcontractor restates and incorporates by reference the allegations in the preceding paragraphs as if fully set forth.

65. Defendant Surety was notified by Plaintiff Subcontractor that Plaintiff Subcontractor was asserting a claim ("Bond Claim") against the Payment Bond for the amounts owed to Plaintiff Subcontractor by Defendant General Contractor.

66. Ninety days have passed since the date Plaintiff Subcontractor last furnished labor, materials, and equipment to the Project.

67. Pursuant to 40 U.S.C. § 3133(b)(1), Plaintiff Subcontractor's claim against the Payment Bond for the unpaid for work described in the preceding paragraphs has fully accrued.

68. This Complaint is filed within one (1) year from the date Plaintiff Subcontractor last furnished labor, material, or equipment to the Project.

69. Upon information and belief, Defendant Surety took no action to compel its principal, Defendant General Contractor, to make any payment to Plaintiff Subcontractor.

70. Defendant Surety has breached its obligations under the Payment Bond to make payment to Plaintiff Subcontractor.

71. All conditions precedent to Plaintiff Subcontractor being entitled to receive recovery under the Payment Bond have occurred.

72. Defendant Surety has ratified the conduct of Defendant General Contractor.

73. Defendant Surety is liable, jointly and severally, with Defendant General Contractor, pursuant to the obligations of the Payment Bond and based on Defendant Surety's conduct, for all sums determined to be owed from Defendant General Contractor to Plaintiff Subcontractor.

74. Plaintiff Subcontractor is entitled to judgment against Defendant Surety for breach of the Payment Bond in an amount to be determined and in excess of $10,000.00, plus interest, costs, and attorneys' fees as allowed by law.

## DEMAND FOR JURY TRIAL

Plaintiff Subcontractor demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff Subcontractor respectfully prays unto the Court as follows:

1. That Plaintiff Subcontractor have and recover judgment against Defendant General Contractor for compensatory damages arising from Defendant General Contractor's breach of contract in a sum in excess of $25,000.00 plus interest as permitted by law;

2. That Plaintiff Subcontractor have and recover judgment against Defendant Surety for breach of the Payment Bond, in a sum in excess of $25,000.00, plus interest as permitted by law;

3. That, in the alternative to the preceding prayer for relief, Plaintiff Subcontractor have and recover against Defendants, jointly and severally, in restitution, quantum meruit, and unjust enrichment, in a sum in excess of $25,000.00, plus interest as permitted by law;

4. That the costs of this action be taxed against Defendants to the extent allowed by law;

5. That Plaintiff Subcontractor have a trial by jury on all issues so triable; and

6. That Plaintiff Subcontractor have and recover such other and further relief as the Court finds just and proper.

This the 31st day of May, 2019.

_____
Jason T. Strickland, Esq.
N.C. State Bar I.D. No.: 34232
email: jtstrickland@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 33009
Raleigh, NC  27636-3009
Telephone:  919.277.9100
Facsimile:  919.277.9177
Attorney for Plaintiff

121388-00002
ND: 4835-3653-7752, v. 1